IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN NEWSOME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-1423-DWD |
| ) | |
| GREG ROBINSON, HARDIN ) | |
| COUNTY, ILLINOIS, and HARDIN ) | |
| COUNTY SHERIFF'S DEPARTMENT, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Jordan Newsome, represented by counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Greg Robinson, a deputy sheriff employed by Hardin County, Illinois; Hardin County, Illinois; and the Hardin County Sherriff's Department. Newsome alleges that on April 26, 2024, Robinson subjected him to excessive force by tasing him repeatedly at his residence. In Count Two of the Complaint, Newsome asserts a *Monell* claim against Defendants Hardin County and the Hardin County Sheriff's Office, alleging that Robinson's actions were taken pursuant to "*de facto* policies, practices or customs of civil rights violation and unconstitutional practices of the Hardin County Sheriff's Department and Hardin County, Illinois." (Doc. 1, ¶ 35). Presently before the Court is Defendants' Motion to Dismiss Count II of the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 18). For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

## BACKGROUND[1]

On April 26, 2024, Newsome was at his residence with his two minor children when Rebecca Johnson, a woman who previously resided with Newsome and the mother of the two minor children, arrived at the residence to retrieve property. A representative of Lutheran Social Services accompanied Johnson. Robinson, a Deputy Sheriff employed by Hardin County, was also present to provide assistance and to ensure that Johnson could retrieve her property without altercation.

Upon arrival, a conversation ensued between Newsome and the social services representative regarding custody of the children. While Newsome was speaking with the social services representative, Robinson approached Newsome from behind and, without warning or provocation, shot Newsome with a taser. Because of the pain, Newsome's body twisted to face Robinson, at which point Newsome asked Robinson to stop tasing him. Robinson, however, continued to tase Newsome – even when he fell to the ground to signal that he was not resisting.

While Newsome was laying on the ground, Robinson handcuffed him and placed him under arrest. Robinson then placed Newsome in his squad car where he was detained for approximately one hour. Plaintiff was eventually released without charges. Because of the tasing, Newsome experienced excruciating pain and sustained injuries requiring medical treatment.

---

[1] The facts discussed herein are taken from the Complaint. (Doc. 1).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the complaint due to a failure to state a claim for which relief may be granted. *See Firestone Fin. Corp.*, 796 F.3d 822, 825 (7th Cir. 2015) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). To survive the motion, which tests the sufficiency of the complaint but not the merits of the case, a plaintiff must allege enough facts to state a facially plausible claim for relief. *See Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 876 (7th Cir. 2020) (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012)); *Fosnight v. Jones*, 41 F.4th 916, 921-22 (7th Cir. 2022) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility means enough facts are pled to draw reasonable inferences as to liability. *See Fosnight*, 41 F.4th at 922 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Taha v. Int'l Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("When a complaint's facts 'do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—"that the pleader is entitled to relief." ' ").

Thus, a complaint need not allege "detailed factual allegations," but it must state enough facts to lift the claim above the speculative level. *See Kloss*, 462 F. Supp. 3d at 876 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals" of the elements, supported by mere conclusions, do not suffice, and "a complaint must plead 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.' " *See Trivedi v. Wells Fargo Bank, N.A.*,

609 F. Supp. 3d 628, 631 (N.D. Ill. 2022) (quoting *Iqbal*, 556 U.S. at 678); *Taha*, 947 F.3d at 469. Likewise, a complaint does not suffice if it " 'tenders "naked assertions" devoid of "further factual enhancement." ' " *See Taha*, 947 F.3d at 469 (quoting *Iqbal*, 556 U.S. at 678). The Court accepts all well-pled facts as true and draws all inferences for Plaintiffs, but, again, it may reject "sheer speculation, bald assertions, and unsupported conclusory statements." *See Trivedi*, 609 F. Supp. 3d at 631 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)); *accord Kloss*, 462 F. Supp. 3d at 874-75; *Taha*, 947 F.3d at 469.

## ANALYSIS

In Count II of the Complaint, Newsome asserts a § 1983 *Monell*[2] claim against Hardin County and the Hardin County Sheriff's Department. In their Motion to Dismiss, Defendants contend that, under the principles set forth in *Monell* and its progeny, Newsome has not alleged facts sufficient to establish municipal liability on the part of Defendants. Specifically, Defendants claim the Complaint does not sufficiently allege a policy or custom of constitutional violations on the part of Defendants. Newsome disagrees, arguing that he alleges facts sufficient to survive a motion to dismiss. In support of this claim, Newsome relies on the following allegations:

1. Defendants "failed to investigate or impose any discipline on Robinson for his illegal behavior[.]"

2. Defendants failed to "properly hire, train, supervise, discipline, transfer, monitor, counsel or otherwise control Hardin County law enforcement

---

[2] The Supreme Court in *Monell v. Department of Social Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), established a theory of municipal liability under § 1983 for constitutional violations caused by their official policies. The Court in *Monell* also rejected the notion that municipal liability may rest solely on a theory of *respondeat superior*. *Id.* at 691, 98 S.Ct. at 2036; *see also Surplus Store and Exchange, Inc. v. City of Delphi,* 928 F.2d 788, 790 (7th Cir.1991).

4

    officers who engage in unjustified use of excessive and unreasonable force[.]"

3. Defendants failed to "properly train and supervise Hardin County law enforcement employees with regard to discharging weapons in general and tasers in particular[.]"

4. Defendants failed to "properly discipline, supervise, monitor, counsel and otherwise control Hardin County law enforcement employees who engage in unjustified use of excessive and unreasonable force[.]"

5. Defendants' "[l]aw enforcement officers' code of silence[.]"

6. Defendants "[e]ncourag[ed] excessive and unreasonable force[.]

7. Defendants failed to "properly investigate the use of excessive and unreasonable force by the Hardin County Sheriff's Department[.]"

(Doc. 1, ¶¶ 37 and 38; Doc. 21, pg. 2).

*Monell* allows municipalities to be held liable under Section 1983, but not on a theory of *respondeat superior*. *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985). *See also Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 406-07, 117 S. Ct. 1382, 1389 (1997) ("That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably.") (emphasis in original). For municipal liability to arise under Section 1983, the constitutional violation must be brought about by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with "final policymaking authority." *Darchak v. City of Chicago Bd. of Ed.*, 580 F.3d 622, 629 (7th Cir. 2009).

To state a claim of municipality liability under § 1983, a plaintiff must plead factual content that allows the court to draw the reasonable inference that "the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell*, 436 U.S. at 690; *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674 (7th Cir. 2009)).

Here, Newsome is proceeding under the second option – the existence of one or more de facto policies.[3] To Succeed on a *Monell* claim based on a theory that there was a de facto policy, "the plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (citing *Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir. 1995)); *see also Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010) (""[T]here is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, 'except that it must be more than one instance.' "). Thus, at the pleading stage, "a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread as to constitute a governmental custom. *Id.*

---

[3] Plaintiff does not identify an actual or expressed policy or a decision by an official with final policy making authority.

6

*Gill v. City of Milwaukee*, 850 F.3d 335 (7th Cir. 2017) is instructive. In *Gill*, plaintiff alleged the municipality had "a de facto policy of 'placing an emphasis on clearing cases and convicting suspects over seeking the truth[.]" *Id.* at 344. The Appellate Court affirmed the dismissal of the plaintiff's *Monell* claim, finding that the plaintiff failed to state a claim of a widespread practice because he did not provide examples of other similar violations nor plausibly allege that they existed. *Id.* The court held that, "[t]he specific actions of the detectives in Gill's case alone, without more, cannot sustain a *Monell* claim based on the theory of a *de facto* policy." *Id.* (citing *Palmer v. Marion County*, 327 F.3d 588, 596 (7th Cir. 2003)).

The same is true here. In trying to plead his *Monell* claim, Newsome claims Defendants failed to adequately train its employees, condoned a "code of silence," encouraged excessive or unreasonable force, and failed to investigate excessive force incidents. According to Newsome, these policies – or lack thereof – led to Robinson violating his rights. But, aside from his own experience with Robinson, Newsome does not plead any similar violations that would allow a reasonable factfinder to conclude that the alleged practice is so widespread it constitutes a governmental custom. Further, he does not provide any other factual detail making it plausible that his encounter with Robinson was anything other than an isolated incident.

The Court also notes that, with respect to the alleged failure-to-train policies, Defendants are only subject to liability where the alleged policy reflects deliberate or conscious choice. *Erwin v. County of Manitowoc*, 872 F.2d 1292, 1298 (7th Cir. 1989). The training inadequacy must be so prevalent "that a jury could reasonably attribute to the

7

policymakers a deliberate indifference to those training needs." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 387-88 (1989)). In the instant case, there are no allegations indicating that Defendants were on notice that they needed to implement any of the training policies referenced in the Complaint.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss Count II for failure to state a claim (Doc. 18) is **GRANTED.** Count II is **DISMISSED** without prejudice. No further claims remain against Hardin County and Hardin County Sheriff's Department, the Clerk is **DIRECTED** to terminate them as defendants in this case.

**SO ORDERED.**

Dated: September 23, 2024

_____
DAVID W. DUGAN
United States District Judge

8